Common Pleas Court of Hamilton County

JAMES M. MURRAY V. GEORGE S. HAWKE, ADMR.

Decided February 10, 1933.

*Charles K. Pulse,* for plaintiff.
*George S. Hawke,* for defendant.

DARBY, J..

The plaintiff is an undertaker living in Highland county, where the deceased resided at the time of his death, December 20, 1925. By direction of decedent's family the plaintiff performed services as undertaker, and furnished all the necessary and essential material, certificates, etc. usually involved in such employment. On February 21,

1926, plaintiff prepared his bill, but at that time there was no administrator or executor to whom it could be presented.

The agreed statement of facts sets forth that:

"The will under which the estate will be distributed was filed for probate in the Probate Court of this (Hamilton) county on December 21, 1925, the said will being filed by or on behalf of Agnes McKinney, one of the devisees under said will. That thereafter a second purported will of decedent was filed for probate in the Probate Court of Highland county, by and on behalf of Doctor Ambrose (one of the next of kin), on or about the 31st day of December, 1925; that the probate of said will in Highland county was contested by the heirs and next of kin residing in Hamilton county, Ohio, and said will was refused probate there upon the ground of non-residency of deceased in Highland county; that thereafter said purported will was again filed for probate in the Probate Court of Highland county on or about the 23rd day of April, 1928, upon behalf of said undertaker, plaintiff herein, and probate was again refused; that thereafter, upon March 24, 1930, George S. Hawke was appointed administrator with the will annexed of said estate by the Hamilton county Probate Court, upon application of Charles K. Pulse, attorney for plaintiff."

Thereupon the account of the plaintiff was presented to Hawke and disallowed as to the interest, but tender of payment was made of the principal amount of the bill, $491.05.

The only question submitted to the court is as to whether or not interest should be paid on this claim, and if so, in what amount.

The amount of the bill, $491.05 is conceded, so that it is reasonable to assume that there was or could have been no contest of the amount of the bill. It may therefore be assumed that it was a liquidated claim.

After unsuccessful efforts had been made to procure the probate of a will of the decedent by his next of kin, the plaintiff himself sought probate and appointment of an administrator in order that he might present and collect his account. The refusal of probate of the will, and failure to appoint an executor or administrator resulted from the acts of the next of kin and beneficiaries of the estate.

It was no fault of the plaintiff that an administrator was not appointed, and it does not seem that he should be denied interest because of the failure of some court to assume jurisdiction of this estate and appoint the proper representative.

The court is therefore of the opinion that under the facts as set forth in the agreed statement of facts, the plaintiff is entitled to recover the amount of his claim with interest from February 21, 1926.